UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY DUNA, | Case No. 2:23-cv-00034-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| ALAN LIMA, et al., | |
| Defendants. | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former state prisoner. Plaintiff paid the full filing fee in this matter. Docket No. 5. The Court entered a screening order on March 11, 2024. Docket No. 36. The screening order imposed a 90-day stay, and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. Docket Nos. 36, 38. The parties did not settle at mediation. Docket No. 40. This case will therefore proceed onto the normal litigation track.

During the stay, Plaintiff filed a third amended complaint. Docket No. 39. The Court accepts the third amended complaint as the operative complaint. Plaintiff was not incarcerated when he filed the amended complaint. Docket No. 9. As such, the screening requirements of 28 U.S.C. § 1915A do not apply to Plaintiff's third amended complaint. *See Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (holding "that a court may screen a complaint pursuant to 28 U.S.C. § 1915A only if, at the time the plaintiff files the complaint, he is 'incarcerated or detained'"); *cf. Jackson v. Fong*, 870 F.3d 928, 937 (9th Cir. 2017) (holding that a "plaintiff who was a prisoner at the time of filing his suit but was not a prisoner at the time of his operative complaint is not subject to a [Prison Litigation Reform Act] exhaustion defense").

Under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), cases in which the plaintiff proceeds *in forma pauperis* are subject to screening, and "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (holding that this screening procedure applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated).  However, in this case, Plaintiff has paid the filing fee in full. Since Plaintiff was not incarcerated when he filed the third amended complaint, and he paid the filing fee in full, the third amended complaint is not subject to screening.

For the foregoing reasons, **IT IS ORDERED** that:

1. The Court accepts the third amended complaint, Docket No. 39, as the operative complaint in the case.  The Clerk of the Court will send Plaintiff a courtesy copy of the third amended complaint.

2. The Court will not screen the third amended complaint.

3. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's third amended complaint, Docket No. 39, on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

4. Service must be perfected no later than **August 5, 2024**, pursuant to Fed. R. Civ. P. 4(m).

5. No later than **May 27, 2024**, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

6. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying

a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

7. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the third amended complaint, Docket No. 39, no later than **July 5, 2024**.

8. Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required.  Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

9. This case is no longer stayed.

IT IS SO ORDERED.

DATED: May 6, 2024.

Nancy J. Koppe
United States Magistrate Judge

3